# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID ADDAMS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT ROBERT** | : | |
| **MEYERS, DISTRICT ATTORNEY** | : | **NO. 03-3789** |
| **OF DELAWARE COUNTY, ATTORNEY** | : | **NO. 03-3790** |
| **GENERAL OF PENNSYLVANIA, and** | : | **NO. 04-0535** |
| **FRANKLIN TENNIS** | : | **CONSOLIDATED** |

## MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, S.J.**                                      **NOVEMBER 16, 2007**

This is a consolidated habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner David Addams.  Addams was convicted of three robberies in the Delaware County Court of Common Pleas: the March 5, 1996 robbery of a McDonald's restaurant (Delaware County Court of Common Pleas case no. 4347-96) ("McDonald's conviction"); the March 27, 1996 robbery of a Burger King restaurant (Delaware County Court of Common Pleas case no. 3197-96) ("Burger King conviction"); and the March 26, 1996 robbery of a Swiss Farms Store (Delaware County Court of Common Pleas case no. 1171-97) ("Swiss Farms conviction"). Addams currently is incarcerated at the Rockview State Correctional Institution in Bellefonte, Pennsylvania.  In his habeas petition, Addams claims: (1) his convictions were obtained with an involuntary confession; (2) his arrest and vehicle search were not based on probable cause; (3) ineffective assistance of suppression counsel for failing to use reports of other robberies and the Crimestat report to undermine the testimony of the arresting officer; (4) ineffective assistance of suppression counsel for failing to investigate and obtain the police records to undermine the

authenticity of Exhibit C-1; (5) ineffective assistance of trial counsel for failing to seek forensic

testing of the map found in Addams's vehicle; (6) ineffective assistance of trial counsel for

failing to interview eyewitnesses in the McDonald's robbery; and (7) ineffective assistance of

appellate counsel for failing to raise the above claims.  The Honorable Jacob P. Hart, United

States Magistrate Judge, filed a report and recommendation that the consolidated habeas petition

be denied.  The report and recommendation will be approved and adopted, and Addams's

consolidated habeas petition will be denied.

## I.    FACTS AND PROCEDURAL HISTORY

The Honorable Kenneth A. Clouse, the trial judge in all three of Addams's criminal

cases, made the following findings of fact.[1]  On March 26, 1996, Swarthmore Police Officer

Anne Marie Bardo received a note ("Exhibit C-1") from a Springfield Township police officer

describing a vehicle and suspect in several Delaware County armed robberies.  Exhibit C-1

described a six foot, three inch, 250 pound black male in his forties, driving a red, 1998 Ford

Thunderbird, with the New Jersey license plate CE682K.  On March 27, 1996, there was an

armed robbery of a Burger King in Media, Delaware County.  Officer Bardo, Officer Thomas,

and Officer Buss, patrolling in the same vehicle, heard a transmission regarding the Burger King

robbery at the end of Officer Bardo's shift; the transmission described a black male with a limp

and a larger black male.  Officer Bardo stayed in the police vehicle to assist in locating the

suspects.  Within 35 to 40 minutes of the transmission, the officers saw a vehicle matching the

description in Exhibit C-1, with fogged windows, and called for backup.  Officer Bardo

─────────────────

[1]In a habeas proceeding, factual determinations by the state court are presumed correct.
28 U.S.C. § 2254(e)(1).

approached the vehicle and saw Addams lying in the front seat of the driver's side of the car.

Corporal James Bowen of the Media Borough Police Department received a radio call that a vehicle matching an earlier police information regarding robberies in Delaware County had been located approximately three blocks from the Burger King.  Corporal Bowen arrived at the location and observed a black man of large stature lying down in the driver's seat of the vehicle. Corporal Bowen removed Addams from the vehicle and arrested him as a suspect in the Burger King robbery.  He advised Addams of his <u>Miranda</u> rights and then stated his main concern was the location of Addams's firearm.  Addams stated that Corporal Bowen did not need to worry because the gun was plastic, and it broke during the robbery.  Corporal Bowen, experienced in persons under the influence of narcotics, opined that Addams did not appear to be under the influence of any drugs, narcotics or alcohol.

While Addams was being removed from the vehicle, Officer Bardo checked the floor of the front seat for weapons and found a diagram labeled "Burger King."

The same day, Detective Hughes spoke with Addams, advised him of his constitutional rights, and reviewed with Addams a waiver of rights form supplied by the District Attorney's office.  Addams agreed to sign the waiver of rights form and was willing to make a tape recorded statement without an attorney present.  During his statement (hereinafter "confession"), Addams discussed the Burger King robbery and other "jobs" including the McDonald's robbery.

Detective Hughes, trained in detection of persons under the influence of narcotics, opined that Addams was not under the influence of heroin at the time of his confession.  Detective Hughes believed Addams was exhibiting characteristics of a person who "was down off from heroin; he requested coffee with a lot of sugar in it."

Addams was charged with the robberies of the Burger King, McDonald's, and Swiss Farms Store. Prior to his trials, Addams moved to suppress evidence seized from his car and his subsequent confession to the police. Addams argued the police did not have probable cause to arrest him, the warrantless search of his vehicle was illegal, Corporal Bowen's interrogation violated his Miranda rights, and his confession to Detective Hughes was involuntary. At the suppression hearing, in addition to testimony from Officer Bardo regarding probable cause for the arrest, arresting officer Corporal Bowen testified that prior to Addams's arrest, he had received information from a Crimestat meeting ("Crimestat report") about a vehicle used in a fast food restaurant robbery in Tinicum/Ridley. The vehicle was described as red, possibly a T-bird or Chrysler, with yellow tags, possibly from New Jersey. Judge Clouse denied the motions to suppress. Addams also moved to suppress the same evidence prior to the Swiss Farms trial, but Judge Clouse denied the motion because the court had already considered and ruled on the admissibility of the evidence.

After three separate jury trials, Addams was convicted of the Burger King robbery, the McDonald's robbery, and the State Farms robbery. In all three cases, Addams was sentenced to 8½ to 20 years' imprisonment; all three sentences are consecutive to each other.

### A.     Appeals of the McDonald's and Burger King Convictions

Addams appealed the Burger King conviction and McDonald's conviction; the cases were consolidated for direct appeal. On appeal, Addams presented the following issues:

(1)     Whether the lower court erred by refusing to suppress the evidence found in Addams's car where the search of the car was conducted after Addams was subdued and handcuffed, and where there were no exigent circumstances requiring a warrantless search;

(2)    Whether the lower court erred in finding the police had probable cause to search the car and arrest Addams;

(3)    Whether the lower court erred by refusing to suppress statements made by Addams after the arresting officer failed to give full <u>Miranda</u> warnings and elicited an inculpatory statement from Addams;

(4)    Whether the lower court erred by refusing to suppress Addams's confession, where Addams was overborne by drug abuse;

(5)    Whether evidence seized by police after the illegal search of Addams's car, statements made by Addams during his arrest, and the subsequent confession must be suppressed as fruit of the poisonous tree;

(6)    Whether the lower court erred in denying Addams's motion for mistrial after a Commonwealth witness referred to other armed robberies when discussing the reason Addams's car was approached;

(7)    Whether the lower court erred in admitting the hearsay testimony of Officer Thomas regarding the information he had received from Officer Bardo early in the evening;

(8)    Whether the evidence presented in the McDonald's case was insufficient to support the verdict and the verdict in the McDonald's case was against the weight of the evidence; and

(9)    Whether the lower court erred in denying Addams's motion for a mistrial after the court dismissed a juror after the jury was impaneled and sworn.

Judge Clouse filed opinions supporting the trial court's denial of Addams's motion to suppress. The Superior Court, relying on the trial court opinions, affirmed the judgments of sentence, and the Pennsylvania Supreme Court denied allocatur.

Addams filed petitions for relief from the McDonald's and Burger King convictions under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551.  In the consolidated appeal, Addams claimed:

(1)    Trial counsel was ineffective at the suppression stage for failing to obtain and use the description of the suspects in five robberies for which Addams was not

charged, and for failing to obtain and use the police reports filed with respect to Addams's arrest;

(2)     Trial counsel was ineffective for failing to have the diagram found in Addams's car tested for fingerprints and handwriting; and

(3)     Addams's confession should have been suppressed because he was under the influence of drugs at the time it was made.

The PCRA court denied relief, and the Superior Court affirmed the PCRA court's decisions.  The Supreme Court of Pennsylvania denied allocatur.

Addams filed a second PCRA petition attacking the Burger King conviction.  He argued that Exhibit C-1 was fabricated after his arrest but before the suppression hearing.  Judge Clouse dismissed the PCRA petition, and the Superior Court dismissed the appeal as untimely filed.

On July 8, 2004, Addams filed a third PCRA petition attacking the Burger King conviction.  In the petition, Addams averred that on March 27, 2003, former Springfield police officer James P. Reilly sent a signed verified statement to defense counsel that he had no recollection of giving Exhibit C-1 to Officer Bardo.  Addams attached a telephone deposition of Officer Reilly, in which Officer Reilly testified that Exhibit C-1 appeared to contain his handwriting, but he had no idea what Exhibit C-1 was about and did not specifically recall making any reports regarding Exhibit C-1 to any outside department.  Addams also produced verified statements from four Springfield police officers that they did not give Exhibit C-1 to Officer Bardo.  On the basis of this evidence, Addams argued: (1) no Springfield Township police officer gave Exhibit C-1 to Officer Bardo on March 26, 1996; and alternatively, (2) Officer Reilly did not have reasonable suspicion or probable cause to issue Exhibit C-1.  In the

petition, Addams also included some language alleging ineffective assistance of counsel.[2]  Judge

Clouse dismissed the PCRA petition as untimely.  On appeal, the Superior Court rejected

Addams's argument that the evidence attached to his petition constituted newly discovered

evidence that could not have been ascertained prior to trial by the exercise of due diligence.  It

dismissed Addams's petition as untimely under 42 Pa. C.S.A. § 9545(b).

Addams filed another PCRA petition attacking the McDonald's conviction; he challenged

the authenticity of Exhibit C-1.  Judge Clouse dismissed the petition, and Addams's appeal was

dismissed.

Addams then filed a third PCRA petition attacking the McDonald's conviction.  Again,

Addams included some language alleging ineffective assistance of counsel, and argued: (1) no

Springfield Township police officer gave Exhibit C-1 to Officer Bardo on March 26, 1996; and

alternatively, (2) Officer Reilly did not have reasonable suspicion or probable cause to issue

Exhibit C-1.  Judge Clouse dismissed the petition.  Addams appealed and argued: trial counsel

was ineffective for failing to call the victims of the robbery; Exhibit C-1 was not authentic; and

"after-discovered" evidence undermined the authenticity of Exhibit C-1.  The Superior Court

found the PCRA petition was untimely.  The Supreme Court of Pennsylvania denied allocatur.

**B.      Appeals of the Swiss Farms Conviction**

Addams filed a direct appeal of his Swiss Farms conviction and presented 21 claims of

---

[2]Specifically, in Paragraph 11, Addams contends that "The grounds for the relief
requested are: . . . (c) the failure to litigate the issue prior to or during trial or on Direct Appeal
could not have been the result of any rational, strategic or tactical decision by counsel."  Addams
did not further explain any ineffective assistance of counsel claim, but instead, described the
evidence from Officer Reilly and the other Springfield police officers and contested the
authenticity and lack of reasonable suspicion for Exhibit C-1.

ineffective assistance of counsel.  The Superior Court affirmed the judgment of sentence, and the

Pennsylvania Supreme Court denied allocatur.

Addams then filed a PCRA petition alleging ineffective assistance of counsel.  Judge

Clouse dismissed the petition.  Addams appealed Judge Clouse's decision and argued:

(1)     Trial counsel was ineffective for failing to object to the prosecutor's failure to
        disclose fingerprint analysis performed on the map found in Addams's car;

(2)     Trial counsel was ineffective for failing to object to the identification of Addams's
        car;

(3)     Trial counsel was ineffective for failing to interview law enforcement witnesses to
        establish that C-1 was fabricated; and

(4)     Appellate counsel was ineffective for failing to challenge trial counsel's
        effectiveness.

The Superior Court affirmed the PCRA court's decision, and the Pennsylvania Supreme Court

denied allocatur.

Addams filed a second PCRA petition on December 31, 2003.  Yet again, Addams

alleged ineffective assistance of counsel, and argued: (1) no Springfield Township police officer

gave Exhibit C-1 to Officer Bardo on March 26, 1996; and alternatively, (2) Officer Reilly did

not have reasonable suspicion or probable cause to issue Exhibit C-1.  Judge Clouse dismissed

the PCRA petition.  The Superior Court found Addams's PCRA petition was untimely filed and

affirmed the PCRA court's decision.

### C.     Federal Habeas Petitions

On June 24, 2003, Addams filed habeas corpus petitions challenging the McDonald's

conviction and the Burger King conviction, respectively.  On February 6, 2004, Addams filed a

habeas petition challenging the Swiss Farms conviction.  These federal actions were stayed while

state remedies were exhausted.  When state court review of Addams's collateral petitions

concluded, this court vacated the stay, consolidated the petitions, and referred the consolidated

petition to Magistrate Judge Hart for a report and recommendation.  Magistrate Judge Hart

recommended that Addams's habeas petition be denied.  Addams filed objections to the report

and recommendation.

## III.    DISCUSSION

### A.    Standard of Review

#### 1.    Report and Recommendation

A district court reviews *de novo* those portions of a magistrate judge's report and

recommendation to which objection is made.  See 28 U.S.C. § 636(b)(1)(c).

#### 2.    State Court Decisions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides

that a writ of habeas corpus for a person serving a state court sentence shall not be granted unless

the state court adjudication, "resulted in decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States."  28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" the

Supreme Court's clearly established precedent if the state court applies a rule that contradicts the

governing law, or if the state court confronts a set of facts materially indistinguishable from that

of a Supreme Court decision and yet arrives at a different result.  Bell v. Cone, 535 U.S. 685, 694

(2002); Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  A state court decision is an

"unreasonable application" of clearly established federal law if it correctly identifies the

governing legal rule but applies it unreasonably to the facts of a particular prisoner's case.  Bell,

9

535 U.S. at 694; <u>Williams</u>, 529 U.S. at 407-08.  A federal habeas court cannot grant a writ of habeas corpus based on "unreasonable application" just because the court independently concludes that the state court applied federal law erroneously or incorrectly, <u>Williams</u>, 529 U.S. at 411; the application of federal law must be objectively unreasonable, <u>id</u>. at 409.  In other words, the petition should be granted based on "unreasonable application" only if the state court decision, evaluated objectively and on the merits, resulted in a outcome that cannot reasonably be justified under existing Supreme Court precedent.  <u>Werts v. Vaughn</u>, 228 F.3d 178, 197 (3d Cir. 2000), <u>cert</u>. <u>denied</u>, 532 U.S. 980 (2001).

> **B.    Involuntary Confession**

Addams claims the confession he gave after his arrest was involuntary because he was under the influence of cocaine and heroin at the time he made his confession.  After Addams's arrest, Lawrence Hughes, a detective with the Delaware County Criminal Investigation Division, questioned him.  During the questioning, Addams implicated himself in the McDonald's, Burger King, and State Farms robberies, and several other robberies.  The trial judge filed an opinion finding Addams's confession voluntary.  The Superior Court, relying on the trial judge's opinion, rejected Addams's appeal.  Upon consideration of Addams's federal habeas petition, Magistrate Judge Hart examined the record, the testimony at the suppression hearing, and Addams's confession to Detective Hughes.  The Magistrate Judge concluded the state courts did not err in finding Addams's confession voluntary.

Addams and the Commonwealth disagree regarding the standard of review of the state court decision.  In his objections to the report and recommendation, Addams argues that under <u>Miller v. Fenton</u>, 474 U.S. 104 (1985), the state courts' decision regarding the voluntariness of

his confession is not entitled to a presumption of correctness.  Under <u>Miller</u>, the federal habeas court must independently determine the ultimate legal issue whether, under the totality of the circumstances, the challenged confession was voluntary.  <u>Miller</u>, 474 U.S. at 112.  In response to Addams, the Commonwealth argues <u>Miller</u> is a pre-AEDPA decision and no longer applicable, and the correct standard of review under AEDPA is whether the state court's legal determination of voluntariness was contrary to or an unreasonable application of Supreme Court precedent.

In <u>Lam v. Kelchner</u>, 304 F.3d 256, 264 (3d Cir. 2002), a post-AEDPA decision, the Court of Appeals cited <u>Miller</u> for the proposition that the "ultimate issue of voluntariness is a legal question requiring an independent federal determination."  The Court of Appeals then followed the AEDPA standard in evaluating whether the state court decision was contrary to Supreme Court precedent, or whether the state court decision was objectively unreasonable.  Under <u>Miller</u>, the issue of legal voluntariness of a confession requires independent federal determination, and under AEDPA, such independent federal determination requires evaluation whether the state court decision was contrary to, or an unreasonable application of, Supreme Court precedent.

The court first determines whether the state courts' decision was contrary to Supreme Court precedent.  Under Supreme Court precedent, a confession is involuntary when the suspect's "will was overborne in such as way as to render his confession the product of coercion."  <u>Arizona v. Fulminante</u>, 499 U.S. 279, 288 (1991).  In determining whether a confession is voluntary, the court must consider "the totality of all the surrounding circumstances – both the characteristics of the accused and the details of the interrogation."  <u>Dickerson v. United States</u>, 530 U.S. 428, 434 (2000).  Factors to consider include: police coercion; the length, location, and continuity of the interrogation; the defendant's maturity, education, physical

condition, and mental health; and any failure of the police to advise the defendant of his rights to remain silent and to have counsel present during custodial interrogation. <u>Withrow v. Williams</u>, 507 U.S. 680, 693 (1993). The state court applied this standard in determining that Addams's confession was voluntary.[3] The state court's decision was not contrary to Supreme Court precedent.

The court next determines whether the state court's decision constituted an unreasonable application of Supreme Court precedent. In making the voluntariness determination, the trial court credited Corporal Bowen's testimony that he was experienced regarding persons under the influence of narcotics and that, on the date of Addams's confession, Addams did not appear to be under the influence of any drugs, narcotics or alcohol. The trial court also gave weight to Detective Hughes's testimony that he had training in detection of persons under the influence of narcotics and/or alcohol, and that Addams was not under the influence of heroin at the time of the confession. The court found Detective Hughes credible when he testified that he believed

---

[3]The trial judge's opinions, upon which the Superior Court relied on appeal, recited the following standard:

> In determining whether a confession obtained as a result of a custodial interrogation is admissible, the accused's <u>Miranda</u> rights must have been explained to him, and he must have knowingly, voluntarily and intelligently waived those rights . . . The test for determining same is the totality of the circumstances. Factors which must be looked to in reaching this determination include the following: the duration and methods of interrogation, the conditions of detention, the manifest attitude of the police toward the accused, the accused's physical and psychological state, and any other conditions which "may serve to drain one's powers of resistance to suggestion and undermine his self-determination." (Citations omitted.)

<u>Commonwealth v. Addams</u>, No. 3197-96, Opinion June 6, 1997 (Clouse, J.) (Commonwealth Ex. D); <u>Commonwealth v. Addams</u>, No. 4347-96, Opinion June 27, 1997 (Clouse, J.) (Commonwealth Ex. E).

Addams was exhibiting characteristics of a person who "was down off from heroin; he requested coffee with a lot of sugar in it." Commonwealth v. Addams, No. 3197-96, Opinion June 6, 1997 (citation omitted); Commonwealth v. Addams, No. 4347-96, Opinion June 27, 1997 (citation omitted). Additionally, the trial court relied on Detective Hughes's testimony that after reviewing a waiver of rights form supplied by the District Attorney's Office, Addams stated he was willing to make a tape recorded confession without an attorney present. The trial court concluded, "The statements given by Defendant Addams to police were clearly voluntarily made, Defendant having been cooperative with the police during the entire process and seemingly very aware of his constitutional rights and his desire to waive same and to give a tape recorded statement to police." Commonwealth v. Addams, No. 3197-96, Opinion June 6, 1997; Commonwealth v. Addams, No. 4347-96, Opinion June 27, 1997.

Addams argues his confession to Detective Hughes was incoherent and nonresponsive, and his will was overborne by Detective Hughes's questioning because of heroin withdrawal. For example, Addams stresses that part of his confession was unintelligible, his statements regarding when the Blue Chip Bar burned down were inaccurate, and he incorrectly identified the location of the McDonald's restaurant that he confessed to robbing. The Commonwealth argues that Addams is raising these facts for the first time improperly. Under 28 U.S.C. § 2254(e)(2),

> "if an applicant failed to develop the factual basis of a claim in state court, the federal habeas court shall not hold an evidentiary hearing on the claim unless the applicant shows: (A) the claim relies on (i) a new, retroactive rule of constitutional law that was previously unavailable, or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Any facts Addams is raising for the first time fail to meet the standard required under 28 U.S.C. § 2254(e)(2).  Addams does not rely on a new, retroactive rule of constitutional law, and any incoherency of his confession is not newly discovered evidence.

Any incoherency in Addams's confession was apparent to the state court.  The trial court clearly considered the potential effect of heroin on the voluntariness of Addams's confession; its decision was based on the testimony of Corporal Bowen and Detective Hughes that Addams was not under the influence of drugs or alcohol when he confessed to the robberies.  The state court's application of the voluntariness standard to the facts was not unreasonable.

### C.    Arrest and Vehicle Search

Addams next claims his arrest and the search of his vehicle were not based on probable cause.  He argues that Exhibit C-1, the description on which the officers relied in approaching Addams's car and arresting him, was fabricated prior to his arrest.  Under Stone v. Powell, 428 U.S. 465, 481-82 (1976), where the state has afforded the petitioner an opportunity for full and fair litigation of his Fourth Amendment claims, a federal court reviewing a petition of habeas corpus is precluded from considering these claims.  Magistrate Judge Hart correctly found this court precluded from reviewing the Fourth Amendment claim raised in Addams's habeas petition because Addams had a full and fair opportunity to litigate the claim at the suppression hearing before the Burger King and McDonald's trials, and in appeals of his convictions.

In his objections to the Magistrate Judge's report and recommendation, Addams argues he did not have an opportunity for full and fair litigation of his Fourth Amendment claim because the Commonwealth failed to present evidence that the officers who issued Exhibit C-1 and the Crimestat report had reasonable suspicion.  Where the state provides a process, but a structural

defect in the system prevented the petitioner's claim from being heard, there has been no opportunity for full and fair litigation of Fourth Amendment claims.  See Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir. 2002); Boyd v. Mintz, 631 F.2d 247, 250 (3d Cir. 1980); see also Gilmore v. Marks, 799 F.2d 51, 57 (3d Cir. 1986) (state court's failure to give "at least colorable application of the correct Fourth Amendment constitutional standard may indicate that there has been no opportunity for full and fair consideration").  But a state court's erroneous or summary resolution of Fourth Amendment claims is not sufficient to overcome the bar against consideration of such claims on habeas review.  Marshall, 307 F.3d at 82.

Addams essentially argues the state court incorrectly decided the Fourth Amendment issue because there was no evidence the officers had reasonable suspicion to issue Exhibit C-1 and the Crimestat report; he does not argue that he attempted to assert a Fourth Amendment claim but was prevented from doing so.  A petitioner "may not cloak his or her Fourth Amendment claim in due process clothing to circumvent Stone v. Powell."  Gilmore, 799 F.2d at 57.  Addams was afforded the opportunity to assert any Fourth Amendment claims at the suppression hearing before his trials and on appeal of his convictions; there is no evidence of a structural defect in the state court's process.  Addams's argument is not sufficient to overcome Stone v. Powell.  Addams's claim that there was no reasonable suspicion or probable cause to issue Exhibit C-1 and the Crimestat report cannot be considered on federal habeas review.  His objection regarding his Fourth Amendment claim will be overruled.

**D.     Ineffective Assistance of Counsel**

In claims 3-6, Addams argues his trial counsel was ineffective because counsel: (3) failed to use reports of other robberies and the Crimestat report to undermine the testimony of the

15

arresting officer; (4) failed to investigate and obtain the police records to undermine the authenticity of Exhibit C-1; (5) failed to seek forensic testing of the map found in Addams's vehicle; and (6) failed to interview eyewitnesses to the McDonald's robbery.  In claim 7, Addams argues his appeals counsel was ineffective for failing to raise ineffective assistance of counsel claims on appeal.  Magistrate Judge Hart found Addams's ineffective assistance of counsel claims lacked merit.

In his objections, Addams asserts that trial counsel was ineffective for failing to argue that there was no evidence at trial of reasonable suspicion or probable cause for issuing Exhibit C-1 and the Crimestat report.  Assuming Addams exhausted this claim in his third PCRA petition attacking the Burger King conviction, his third PCRA petition attacking the McDonald's conviction, and his second PCRA petition attacking the State Farms conviction, this court is barred from considering the claim because the state court found it untimely.  In Coleman v. Thompson, 501 U.S. 722, 750 (1991), the Supreme Court found that where a state prisoner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  The state courts found Addams's claim untimely under 42 Pa. C.S.A. § 9545.[4]  The

---

[4]  Under 42 Pa.C.S.A. § 9545(b)(1), any PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

    (i)        the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

PCRA statute of limitations is an independent and adequate state ground barring federal habeas review.  Peterson v. Brennan, 196 Fed. Appx. 135, 142 (3d Cir. Sept. 26, 2006).

The court may review Addams's claim if Addams has demonstrated that there was cause for the default and actual prejudice, or that failure to consider his claim will result in a fundamental miscarriage of justice.  To demonstrate "cause and prejudice," the petitioner must show "some objective factor external to the defense that impeded counsel's efforts to comply with the State's procedural rule."  Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004).  "Examples of 'cause' that are 'external to the defense' include interference by the state with the conduct of a defense or the previous unavailability of the factual or legal basis of a claim."  Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002).  Counsel's failure to recognize the factual or legal basis of a claim, or the failure to raise the claim despite recognizing it, does not constitute cause for a procedural default.  Murray v. Carrier, 477 U.S. 478, 486 (1986).  To demonstrate "fundamental miscarriage of justice," the petitioner must typically show actual innocence.  Cristin, 281 F.3d at 420.

Addams has not demonstrated interference by the Commonwealth with his defense or the previous unavailability of the factual or legal basis of his ineffective assistance of counsel claim.  The factual basis for Addams's ineffective assistance of counsel claim arose during Addams's suppression hearing and trials.  Officer Reilly's later-discovered testimony was not necessary to

---

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Addams's argument that trial counsel failed to challenge the lack of reasonable suspicion or probable cause for issuing Exhibit C-1 and the Crimestat report.  Addams also has not demonstrated actual innocence.  Addams's ineffective assistance of counsel claim is not cognizable in federal court and his objection will be overruled.[5]

## IV.    CONCLUSION

Magistrate Judge Hart's report and recommendation will be approved and adopted, Addams's objections will be overruled, and the habeas petition will be denied.

---

[5]  If Addams's claim were deemed unexhausted, this court would still be barred from considering his claim.  The exhaustion requirement is excused if the petitioner's claims are procedurally barred under state law, and if the petitioner can demonstrate cause and prejudice for the default.  Gray v. Netherland, 518 U.S. 152, 161-62 (1996).  Addams's claim is procedurally barred under the one-year statute of limitations for PCRA petitions; he has not produced evidence of cause and prejudice for his failure timely to raise his ineffective assistance of counsel claim before the state court.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID ADDAMS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT ROBERT** | : | |
| **MEYERS, DISTRICT ATTORNEY** | : | **NO. 03-3789** |
| **OF DELAWARE COUNTY, ATTORNEY** | : | **NO. 03-3790** |
| **GENERAL OF PENNSYLVANIA, and** | : | **NO. 04-0535** |
| **FRANKLIN TENNIS** | : | **CONSOLIDATED** |

**ORDER**

**AND NOW**, this 16th day of November, 2007, upon consideration of the petition for writ of habeas corpus, the report and recommendation of United States Magistrate Judge Jacob P. Hart, petitioner's objections to the report and recommendation, and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

1.    The report and recommendation is **APPROVED** and **ADOPTED**.

2.    The petition for a writ of habeas corpus is **DENIED**.

3.    Petitioner's objections are **OVERRULED**.

4.    Because petitioner has failed to make a substantial showing of the denial of a constitutional right, there is no basis for issuing a certificate of appealability.

/s/ Norma L. Shapiro
_____
S.J.